**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JAMES A. HARDY, | DOCKET NUMBER |
| Appellant, | AT-0752-14-0344-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: December 5, 2014 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Joshua Klinger, Denver, Colorado, for the appellant.

Anne M. Norfolk, Fort Benning, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appellant's removal appeal for lack of jurisdiction pursuant to an appeal rights waiver in a last chance settlement agreement (LCA).  For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2     The agency proposed to remove the appellant, a GS-8 lead firefighter, for use of a controlled substance after he tested positive for marijuana use. Initial Appeal File (IAF), Tab 5, Subtab 13. In lieu of removal, the parties entered into a LCA, in which the agency agreed to hold the removal in abeyance for 1 year, and the appellant agreed to participate in a drug rehabilitation program, provide proof of his enrollment, and submit to drug testing. *Id.*, Subtab 9 at 1. He also agreed not to report to work under the influence of any drug or engage in any misconduct or unprofessional behavior and waived his Board appeal rights if the agency reinstated his removal due to any violation of these terms. *Id.* at 1-2.

¶3     The agency later reinstated the removal based on the appellant's alleged breach of the LCA. IAF, Tab 5, Subtabs 4-5. The agency charged that the appellant violated the LCA when, on November 20, 2013, he was the initial fire officer on scene but failed to observe adequate safety policy and procedures associated with the mitigation of a natural gas leak and was derelict in the performance of his duties because he "spent less than seven minutes investigating the scene, failed to use the appropriate detection equipment or even observe the lock on the gas line before declaring the scene safe." IAF, Tab 5, Subtab 5 at 1-2. The agency appears to contend that the appellant should have used the Combustible Gas Indicator (CO1 or "sniffer") instead of or in addition to the multi-gas ("4 gas") monitor and that he was negligent when he declared the scene "fire safe" over the radio while the odor of natural gas was still easily detectible. *See id.*; *see also* Petition for Review (PFR) File, Tab 3 at 6-7.

¶4     The appellant timely appealed the removal to the Board, arguing that he did not violate the LCA and that the action was based on racial discrimination and retaliation for whistleblowing. IAF, Tab 1 at 4. The agency moved to dismiss the

appeal for lack of jurisdiction pursuant to the appeal rights waiver in the LCA. IAF, Tab 3 at 3.  The appellant responded that the Board should find jurisdiction over his appeal because:  (1) he did not breach the LCA; and (2) the agency materially breached the LCA.  IAF, Tab 6 at 4-8.  The administrative judge issued an initial decision without holding the requested hearing, finding that the Board lacked jurisdiction because the LCA was valid; the appellant violated the LCA when he failed to perform his duties satisfactorily and completely on November 20, 2013; and the appellant failed to show that the agency breached the LCA. IAF, Tab 7, Initial Decision (ID) at 3-4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5      The appellant has filed a petition for review, arguing that the administrative judge erred by:  (1) failing to provide notice of the jurisdictional issue; (2) improperly making credibility determinations, weighing evidence, and resolving conflicting assertions without a hearing; and (3) denying the appellant a jurisdictional hearing although he made a nonfrivolous allegation of jurisdiction. PFR File, Tab 1 at 6-12.  The agency has responded in opposition, and the appellant has submitted a reply.  PFR File, Tabs 3-4.

¶6      As a preliminary matter, we find that the administrative judge's failure to provide the appellant with *Burgess* notice—i.e., explicit information about the evidence and arguments he must present in order to nonfrivolously allege the Board's jurisdiction—was cured because the agency's motion to dismiss put the appellant on notice of what he must do to establish jurisdiction.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007).  Specifically, the agency explained that in order to establish that the waiver of appeal rights should not be enforced, the appellant must show that:  he complied with the agreement; the agency materially breached the agreement or acted in bad faith; he did not voluntarily enter into the agreement; or the agreement resulted from fraud or

mutual mistake. IAF, Tab 3 at 3 (citing *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 12 (2008)). Thus, the appellant was informed below of his jurisdictional burden. IAF, Tab 6; *see Scott*, 105 M.S.P.R. 482, ¶ 6.

¶7    As the appellant was provided adequate notice, we turn to whether he made a nonfrivolous allegation that he complied with the LCA. Where an employee raises a nonfrivolous factual issue of compliance with an LCA, the Board must resolve that issue before addressing the scope and applicability of a waiver of appeal rights. *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148 (Fed. Cir. 1991). Further, where an appellant makes a nonfrivolous allegation of fact that he did not breach a LCA, a jurisdictional hearing is warranted to resolve the issue of compliance. *See Williams v. Department of the Treasury*, 52 M.S.P.R. 344, 347 (1991). A nonfrivolous allegation of fact is one that, if proven, would establish a prima facie case that the appellant did not breach the LCA. *See Briscoe v. Department of Veterans Affairs*, 63 M.S.P.R. 137, 140 (1994), *aff'd*, 55 F.3d 1571 (Fed. Cir. 1995) (Table). Here, as discussed below, we find that the appellant's assertions that he did not violate the LCA are nonfrivolous.

¶8    First, in his sworn statement, the appellant asserts that that he did not breach the LCA because he properly handled the natural gas leak and followed all agency policies on November 20, 2013. *See* IAF, Tab 6 at 13-15. Three of the appellant's coworkers attested that either the 4 gas monitor or the CO1 was an appropriate detection device to use when responding to a natural gas leak.[2] *Id.* at 10, 11, 16-17. Further, in an apparent factual contradiction to the agency's allegation that the appellant failed to "observe the lock on the gas line," IAF, Tab 5, Subtab 5 at 2, the appellant attested that he "notic[ed] that the gas meter had been locked out," IAF, Tab 6 at 14. For the agency's part, it failed to submit documentary evidence regarding adequate handling of a natural gas leak to

---

[2] The appellant's co-workers refer to Standard Operating Procedure #10, section 4.3, which apparently governs the protocol for responding to natural gas emergencies, IAF, Tab 6 at 9-10, 12, but neither party submitted a copy of it.

support its position. *See* IAF, Tab 5. Specifically, the agency has not provided any documentary evidence to support its apparent contentions that using the 4 gas meter rather than the CO1 and/or declaring the facility or scene "fire safe" after determining that there was no leak inside the building, proceeding to monitor the outside area, and calling in additional resources from the gas company constituted a dereliction of duty or was inconsistent with agency policy. *See* IAF, Tabs 3, 5; *see also* PFR File, Tab 3. As such, the administrative judge erred by accepting the agency's mere factual contradiction of the appellant's nonfrivolous allegations of jurisdiction. *See McLoughlin v. Department of the Treasury*, 78 M.S.P.R. 150, 155 (1998). Accordingly, on remand the administrative judge must undertake additional fact-finding to determine whether the appellant failed to observe established policy and procedure and/or was derelict in the performance of his duties.

¶9        Second, the appellant nonfrivolously alleged that, even if the agency's allegations were true, such conduct did not constitute a breach of the LCA. IAF, Tab 6 at 7. A party breaches a contract when he is in material noncompliance with the terms of the contract. *Walker-King v. Department of Veterans Affairs*, 119 M.S.P.R. 414, ¶ 9 (2013). A breach of a settlement agreement is material when it relates to a matter of vital importance or goes to the essence of the contract. *Kitt v. Department of the Navy*, 116 M.S.P.R. 680, ¶ 11 (2011). The Board interprets settlements pursuant to principles of contract law and examines whether the written understanding is clearly stated and, if ambiguous, ascertains the parties' intent at the time the agreement was made. *See King v. Department of the Navy*, 130 F.3d 1031, 1033 (Fed. Cir. 1997). Pursuant to the express terms of the LCA, paragraph 4, the parties agreed that violation of the "terms stated below," in paragraph 4(a)—misconduct, unprofessional behavior, or reporting to work under the influence of drugs—would result in breach of the agreement, immediate reinstatement of the removal without prior notice to the appellant, and

waiver of the appellant's right to appeal the removal.[3] IAF, Tab 5, Subtab 9 at 1-2. The administrative judge relied on paragraph 3, not paragraph 4, of the LCA to find breach, concluding that the appellant failed to comply with the LCA because he "failed to perform his duties satisfactorily and completely on November 20, 2013." ID at 3. Unlike paragraph 4, which expressly states which terms the appellant must satisfy to avoid breach, paragraph 3 generally provides that the decision to hold the appellant's removal in abeyance is an "opportunity" for the appellant to demonstrate "that he can be rehabilitated, perform his duties satisfactorily and completely, and conduct himself properly."[4] IAF, Tab 5, Subtab 9 at 1. It appears that paragraph 3 does not impose an affirmative obligation on the appellant but, rather, is descriptive of the purpose of the

---

[3] In relevant part, paragraph 4 states:

The Employee voluntarily agrees to comply with the terms stated below. The Employee agrees that failure to satisfy any of these terms will result in breach of this agreement and management may initiate the Employee's removal from federal service; the removal will be effected immediately without prior notice; and such removal would promote the efficiency of the service. The proposed removal that is being held in abeyance will be the stated basis for the removal from federal service. The Employee's removal will be effective on a date chosen by the Agency, and the Employee waives any entitlement to advanced written notice of removal. The Employee also waives any and all rights to pursue further administrative or legal action against the Agency or its employees regarding the removal . . . .

In relevant part, paragraph 4(a) states:

Employee will not engage in any misconduct in the workplace or which has a nexus to his employment; will not report to work under the influence of drugs, including properly–prescribed drugs that affect his ability to perform his duties; and will conduct himself in a professional manner at all times.

IAF, Tab 5, Subtab 9 at 1-2.

[4] In full, paragraph 3 provides:

The decision to hold the Employee's removal in abeyance is a last chance opportunity for the Employee to demonstrate that he can be rehabilitated, perform his duties satisfactorily and completely, and conduct himself properly without violating the law, [Department of Defense] or Army Regulations and policies, and management directives, as more fully described in paragraph 4 below.

IAF, Tab 5, Subtab 9 at 1.

agreement. Accordingly, on remand, the administrative judge must determine whether the appellant's alleged failure to follow established policy and procedure and/or derelict performance of duties on November 20, 2013, amounted to a material breach of the LCA.

¶10 Lastly, pursuant to the express terms of the LCA, the appellant agreed to waive his notice and appeal rights only if he engaged in misconduct, arrived at work under the influence of any drug, or acted in an unprofessional manner; however, he retained those rights in relation to an action taken for any other reason. *See* IAF, Tab 5, Subtab 9; *see also Harris v. Department of the Air Force*, 81 M.S.P.R. 537, ¶¶ 5, 12-13 (1999) (where the agreement specifically linked the waiver of appeal rights to drug-related misconduct, the appellant retained the right to appeal actions taken against him that were not related to drug activity). The agency has not alleged that the appellant was under the influence of drugs, and the administrative judge made no finding as to whether the appellant's alleged dereliction of duties and failure to observe adequate safety policy and procedures, even if true, amounted to misconduct or unprofessional behavior. *See* IAF, Tabs 3, 5. Accordingly, on remand, the administrative judge must determine whether the appellant's actions constitute "misconduct" or "unprofessional" behavior as set forth in the LCA so as to result in immediate reinstatement of the removal and waiver of the appellant's rights to advanced notice and to appeal his removal to the Board.

## ORDER

¶11 For the reasons discussed above, we REMAND this case to the regional office for a jurisdictional hearing, additional fact-finding, and further adjudication to determine whether: (1) the appellant was derelict in his duties and/or failed to observe established policy and procedures on November 20, 2013; (2) if so, whether the appellant's actions constituted a material breach of the LCA; and (3) if so, whether the appellant's actions constituted "misconduct"

or "unprofessional" behavior as to invoke the advanced notice and appeal rights waivers of the LCA. If the administrative judge resolves any of the above in the negative, the appellant's removal must be reversed and he is entitled to notice and an opportunity to respond to any subsequent adverse action based upon the occurrences of November 20, 2013. *See Harris*, 81 M.S.P.R. 537, ¶ 5.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.